**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY J. KUSHNER and JACQUELINE KUSHNER, | Bankruptcy Action No. 19-2030 (CMG) |
| Appellants, | **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY** |
| v. | |
| SPECIALIZED LOAN SERVICING LLC, | Civil Action No. 19-19626 (MAS) |
| Appellee. | **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Appellants Larry J. Kushner and Jacqueline Kushner's ("Appellants") Appeal (ECF No. 1) of Dismissal of Adversary Proceeding in Bankruptcy (Bankr. No. 19-2030-CMG, ECF No. 6). Appellants filed a Brief in support of their Appeal (ECF No. 6), and Appellee Specialized Loan Servicing LLC ("Appellee") responded (ECF No. 7). The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court affirms the bankruptcy court's order and denies Appellants' appeal.

**I.  BACKGROUND**

**A.  The Loan**

Jacqueline Kushner executed a note (the "Note") in favor of FGC Commercial Mortgage Finance d/b/a Fremont Mortgage on September 19, 2005. (Appellee's App. 1–5, ECF No. 7-1.) The Note was secured by a mortgage (the "Mortgage") on real property at 731 Greens Avenue,

Long Branch, NJ (the "Property"). (*Id.* at 8.) On August 8, 2007, the Mortgage was assigned to HSBC Bank USA ("HSBC"). (*Id.* at 27–28.) The loan is currently serviced by Appellee.

### B. The Foreclosure

Appellants defaulted under the terms of the Note and Mortgage, and on August 6, 2008, a foreclosure complaint was filed in the Superior Court of New Jersey, Chancery Division, Monmouth County. (*Id.* 29–38.) Summary judgment was entered against Appellants on January 30, 2009. (*Id.* at 39.) Following argument on the contested motion for entry of final judgment, the Superior Court entered a writ of execution on February 19, 2010. (*Id.* at 40–43.)

On August 12, 2015, following an appeal, a federal district court complaint, bankruptcy proceedings, motions to vacate judgment, and an order to show cause, the Superior Court entered an amended final judgment against Appellants. (*Id.* at 44–46.)

### C. Appellants' December 2017 Motion to Vacate Final Judgment

On December 20, 2017, Appellants filed a motion in Superior Court to vacate the Superior Court's final judgment. (*Id.* at 47–60.) The basis for the requested relief was alleged fraud upon the court perpetrated by HSBC by applying for final judgment in 2010 based on a note HSBC did not possess. (*Id.* 49–50.) Appellants argue this was confirmed by HSBC filing an Affidavit of Lost Note in 2012 in the United States Bankruptcy Court, Action Number 17-28106. (*Id.* at 48–50, 61–63.) On March 16, 2018, following oral argument, the Superior Court denied Appellants' motion to vacate final judgment on the merits. (*Id.* at 64.) Subsequently, a sheriff's sale was conducted on November 13, 2018, and the Property was sold. (*Id.* 65–66.)

### D. Bankruptcy Procedural History

On November 27, 2018, Appellants filed a bankruptcy proceeding (the "Bankruptcy Proceeding"). (*See* Bankr. No. 18-33285-CMG.) On June 25, 2019, Appellants filed an adversary proceeding (the "Adversary Proceeding"). (*See* Bankr. No. 19-2030-CMG.) In the Adversary

Proceeding, Appellants sought vacatur of the sheriff's sale, vacatur of the final judgment of foreclosure, and damages related to enforcing the final judgment of foreclosure. (*See generally* Compl., No. 19-2030 (Bankr. D.N.J. June 25, 2019), ECF No. 1.)

On July 26, 2019, Appellee filed a motion to dismiss the Adversary Proceeding on the basis that the bankruptcy court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Mot. Dismiss, No. 19-02030 (Bankr. D.N.J. July 26, 2019), ECF No. 4.) On August 19, 2019, Appellants filed opposition to the motion to dismiss (Pls.' Opp'n Br., No. 19-2030 (Bankr. D.N.J. Aug. 19, 2019), ECF No. 5.) Appellants were not present, live or telephonically, for the October 16, 2019 hearing to decide the motion. (Appellants' Br. 8.) Appellants aver that they were told they "would be called by the [c]ourt" to participate in the hearing, (*id.*; Sept. 24, 2019 Tr. 16:20, ECF No. 1-3), but Appellants never received a call (Appellants' Br. 8). When Appellants attempted to call the court, they were unable to reach the court's staff. (*Id.*) The motion to dismiss the Adversary Proceeding was granted, and an order was entered on October 17, 2019. (Order Dismissing Adversary Compl., ECF No. 1-1.)

### E. Post-Stay Relief & Appeals

On November 21, 2019, the bankruptcy court vacated the stay and dismissed the Bankruptcy Proceeding. (Appellee's App. 67–69.) The title to the Property has transferred to a third party, and the deed was recorded. (*Id.* at 69–75.)

On October 31, 2019, Appellants initiated this action and appealed the dismissal of the Adversary Proceeding to this Court.[1] (Notice of Appeal, ECF No. 1.)

---

[1] On October 31, 2019, Appellants also appealed the Bankruptcy Proceeding to this Court. (Notice of Appeal, No. 19-19625 (D.N.J. Oct. 31, 2019), ECF No. 1.) The Court dismissed that matter without prejudice pursuant to Local Civil Rule 41.1(a). (Order for Dismissal, No. 19-19625 (D.N.J. June 29, 2020), ECF No. 9.)

On November 7, 2019, Appellants moved to vacate the judgment and sale in Superior Court, which was denied on December 6, 2019. (Dec. 6, 2019 Order, Appellee's App. 76.) The Appellants appealed the dismissal to the Appellate Division of the Superior Court; their appeal was dismissed for failure to prosecute. *See* Order Dismissing Appeal, *HSBC v. Kushner*, No. A-002035-19T1 (N.J. Super. Ct. App. Div. June 16, 2020).

## II. LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a)(1). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a clearly erroneous standard, where factual findings may only be overturned "when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (quoting *United States v. US. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions, on the other hand, are subject to *de novo*, or plenary, review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997).

If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

Federal courts, as courts of limited jurisdiction, presume a lack of jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Id.* Furthermore, a federal court must inquire into the court's subject matter jurisdiction *sua sponte* "when subject

4

matter jurisdiction is in question." *Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citation omitted); *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002) ("Court[s have] a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction.") "Under Federal Rule of Civil Procedure 12(h)(3), '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Chin v. Xerox Corp.*, No. 11-3069, 2012 WL 6027169, at *4 (D.N.J. Dec. 4, 2012) (quoting Fed. R. Civ. P. 12(h)(3)).

### III. DISCUSSION

#### A. Appellants' Appeal Must be Dismissed Because the Court Lacks Subject Matter Jurisdiction.

In its motion to dismiss the Adversary Proceeding, Appellee argued that Appellants were simply attempting to appeal the state court's final judgment in the foreclosure action, and that Appellants' claims are precluded by the *Rooker-Feldman* doctrine. (Def.'s Moving Br. 1, No. 19-02030 (Bankr. D.N.J. July 26, 2019), ECF No. 4-1.) Appellants argue that the *Rooker-Feldman* doctrine is inapplicable here because they allege fraud by the Appellees. (Appellants' Br. 9, ECF No. 6.)

The *Rooker-Feldman* doctrine stems from 28 U.S.C. § 1257 and the principle that only the United States Supreme Court has appellate jurisdiction over the civil judgments of state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). "The *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). "The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.* (citing *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x. 49, 51 (3d Cir.

2013)). Furthermore, "a paucity of explicit analysis in the court's opinion will not strip the holding of its validity for purposes of *Rooker-Feldman*'s jurisdictional bar." *Gulla v. N. Strabane Twp.*, 146 F.3d 168, 172 (3d Cir. 1998).

*Rooker-Feldman* applies where: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral*, 615 F.3d at 166 (internal quotation marks and citation omitted). "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling," then *Rooker-Feldman* applies "and the district court has no subject matter jurisdiction to hear the suit." *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 211 (3d Cir. 2004) (citation omitted).

Where, however, a "federal plaintiff present[s] some independent claim" not litigated in the state court, "the federal court has jurisdiction," even though "that claim denies a legal conclusion reached by the state court." *In re Phila. Entm't & Dev. Partners, LP*, 879 F.3d 492, 500 (3d Cir. 2018) (citation omitted). "Fraud in the procurement of a judgment is an 'independent claim' that is not barred by *Rooker-Feldman*." *Frame v. Lowe*, No. 09-2673, 2010 WL 503024, at *6 (D.N.J. Feb. 8, 2010) ("[The p]laintiff's claim ... is not that she was injured by the [state] court's judgment, but that she was injured by [Defendant's] fraudulent procurement of the judgment."). Additionally, "when the source of the injury is the defendant's actions (and not the state court judgment's), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court." *Great W. Mining & Mineral*, 615 F.3d at 167.

Here, the Superior Court denied Appellants' motion to vacate final judgment on March 16, 2018, and a sheriff's sale was conducted on November 13, 2018. (Appellee's App. 64–66.)

Appellants assert they are not seeking a review of the Superior Court's decision, but challenge the validity of the decision because it was fraudulently obtained. (Appellants' Br. 6.) Appellants, however, already raised this argument before the Superior Court, (Dec. 17, 2017 Kushner Certif., Appellee's App. 49–50), which the Superior Court rejected by entering judgment against Appellants. (Final J. Order, No. F-030194-08, (N.J. Super. Ct. Mar. 16, 2018), Appellee's App. 64). Because the Superior Court rejected Appellants' argument, and that argument is the basis of Adversary Proceeding, the Adversary Proceeding seeks a determination that the Superior Court's ruling is wrong. Accordingly, the Court lacks subject matter jurisdiction.

All four elements of the *Rooker-Feldman* doctrine are met here. First, Appellants lost in the foreclosure action in Superior Court, as well as in their attempt to vacate the foreclosure order based on the alleged fraud by HSBC. Second, Appellants now complain of injuries caused by the Superior Court judgment and seek to show that judgment was wrong. By filing their adversary proceeding, Appellants were seeking relief in the form of, *inter alia*, vacating the foreclosure judgement, removal of the lien, vacating the sale of the Property, and money damages. (Compl. *6–9, *Kushner v. HSBC*, No. 19-2030 (Bankr. D.N.J. June 25, 2019).)[2]

Third, the adversary proceeding was filed after a final judgment in Superior Court. *See Wharwood v. Chief Fin. Officer-Wells Fargo Bank N.A.*, No. 19-16590, 2020 WL 3567316, at *4 (D.N.J. July 1, 2020) (stating that final judgment in a foreclosure action is a final judgment for *Rooker-Feldman* purposes); *Aliperio v. Bank of Am., N.A.*, 2016 WL 7229114, *8 (D.N.J. Dec. 13, 2016) (citation omitted) ("The final judgment, for purposes of *Rooker-Feldman*, is . . . the actual final judgment of foreclosure."), *aff'd*, 764 F. App'x 236 (3d Cir. 2019). The Superior Court entered a final judgment on August 12, 2015, and denied Appellants' motion to vacate the

---

[2] Page numbers preceded by an asterisk refer to the page number of the ECF header.

7

judgment on March 16, 2018. (Appellee's App. 44–46, 64.) On June 25, 2019, more than a year after the Superior Court's denial, Appellants filed the Adversary Proceeding in bankruptcy court. (*See generally* Adversary Compl.) Although Appellants moved to vacate the judgment on November 7, 2019—after the Adversary Proceeding was dismissed and this appeal was initiated— this does not affect the finality of the Superior's Court judgment. *Cf. Weber v. McGrogan*, No. 14-7340, 2016 WL 3381233, at *5–6 (D.N.J. June 9, 2016) (holding that a pending appeal does not affect the finality of judgment for *Rooker-Feldman* purposes).

Fourth, Appellants functionally invite the Court to review the Superior Court's decision. Because Appellants raised their fraud claim before the Superior Court, it is not an independent claim over which the Court has jurisdiction. Instead, Appellants ask the Court to find the Superior Court was wrong in not vacating the foreclosure. Accordingly, all four elements of the *Rooker-Feldman* doctrine are satisfied, and the bankruptcy court properly dismissed the Adversary Proceeding for lack of subject matter jurisdiction.

### B.     Appellants' Participation in the October 16 Hearing is Irrelevant.

Appellants argue that their right "to be present is a fundamental right" under the Fifth, Sixth, and Seventh Amendments, which was violated when the bankruptcy court did not call them to attend the October 16 hearing. (Appellants' Br. 11.) Although due process guarantees a litigant the right to be heard, "in the context of a motion to dismiss," this right "is satisfied where the plaintiff receives the 'opportunity to present legal arguments either orally, in writing, or both at the [court's] discretion.'" *Berger v. Hahnemann Univ. Hosp.*, 765 F. App'x 699, 703 (3d Cir. 2019) (quoting *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3d Cir. 1976)). Although the bankruptcy court may have failed to call Appellants to participate in oral argument, that failure does not amount to a violation of due process.

## IV. CONCLUSION

The bankruptcy court properly dismissed the Adversary Proceeding for lack of subject matter jurisdiction. The bankruptcy court's failure to call Appellants did not deprive Appellants of their right to due process. The Court, accordingly, denies Appellants' appeal. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ M.A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**